## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

| | |
|---|---|
| JOSE RENDON LEYVA,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br>SPACE COAST CREDIT UNION,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**CLASS ACTION** |

Plaintiff Jose Rendon Leyva ("Plaintiff" or "Plaintiff Rendon"), individually and on behalf of all others similarly situated, by his attorneys brings the following allegations, based upon information and belief, against Defendant Space Coast Credit Union ("Defendant" or "Space Coast CU"):

## **INTRODUCTION**

1.  Defendant Space Coast CU follows a policy of denying full access to financial products to applicants who are not United States citizens or Lawful Permanent Residents ("LPRs").

1

2. Plaintiff Rendon and members of the Class he seeks to represent are unable to access Defendant's financial services without unequal conditions imposed upon them based on their alienage. Plaintiff Rendon brings this case against Space Coast CU for unlawful discrimination on the basis of alienage in violation of the Civil Rights Act of 1866, as codified at 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331.

4. This court may issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this district under 28 U.S.C. § 1391 (b)(2), where Defendant conducts business, the Plaintiff resides, and a substantial part of the events giving rise to the claims occurred.

## PARTIES

**Plaintiff**

6. Plaintiff Rendon is a resident of Ft. Pierce, Florida and has been a Deferred Action for Childhood Arrivals ("DACA") recipient since 2012. As a DACA recipient, Plaintiff Rendon received authorization to work in the United

States and a Social Security Number. Plaintiff Rendon resided in Ft. Pierce on the date he applied for a home mortgage that Defendant unlawfully denied him.

7. Plaintiff Rendon and members of the Class he seeks to represent were subjected to the violation described in this Complaint.

**Defendant**

8. Defendant Space Coast CU is a state chartered credit union that serves the individuals who live or work in Alachua, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Duval, Flagler, Hernando, Hillsborough, Indian River, Lake, Lee, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, or Volusia Counties through its 64 branch locations.

9. Defendant is headquartered in Melbourne, Florida. Its headquarter office is located at 8045 N Wickham Road, Melbourne, Florida 32940.

10. Space Coast CU offers consumers a range of financial and credit products, including savings and checking accounts, credit cards, personal loans, auto loans, home equity loans, and mortgages.

## STATEMENT OF FACTS

12. This action is brought on behalf of Plaintiff Rendon and members of the proposed Plaintiff Class. This class seeks damages, and declaratory and injunctive relief.

**Plaintiff Rendon**

13. Plaintiff Rendon is a recipient of DACA and has been since 2012. Since that time, he has continuously possessed an employment authorization card and a Social Security Number.

15. On or around December 5, 2022, Plaintiff Rendon and his partner Arely Aguilera Ruiz received a pre-approval letter from Space Coast CU for a home mortgage loan.

16. On or around March 8, 2023, Plaintiff Rendon and Ms. Aguilera applied for a home mortgage loan through Space Coast CU's website. The application asked for the applicant's citizenship status. Ms. Aguilera selected that she was a U.S. Citizen on the application form. Plaintiff Rendon marked that he was a Non-Permanent Resident on the application form. Plaintiff Rendon and Ms. Aguilera moved forward with a contract for a home located in Ft. Pierce, Florida. The closing date for the home was set for April 11, 2023.

17. On or around March 14, 2023, Space Coast CU informed Plaintiff Rendon over the phone that it could not approve the loan because he was unable to prove residency.

18. On or around March 16, 2023, Plaintiff Rendon and Ms. Aguilera received a denial letter that stated that the reason for denial of the loan was because it was unable to verify the residence of the applicants.

19. On or around March 30, 2023, Plaintiff Rendon emailed Space Coast CU Loan Originator Stephanie Vargas to inquire about the reason for the loan denial. Vargas replied via email that the mortgage was denied by Space Coast CU because Plaintiff Rendon did not have permanent residency or U.S. citizenship. Vargas stated that U.S. citizenship or lawful permanent residency was required under the Defendant's guidelines.

20. Plaintiff Rendon suffered harm as a result of Space Coast CU's denial of his home mortgage application because of his alienage. Space Coast CU's denial of his application caused Plaintiff Rendon to suffer damages, including emotional distress, loss of a day of work as a result of rushing to find a new lender, and having to put additional money down for their deposit for the home mortgage.

21. Space Coast CU's denial of his application caused Plaintiff Rendon to experience the deleterious effects of discrimination.

**Space Coast CU's Policies Are Unlawful and Harmed Plaintiff**

22. Space Coast CU's denial of services because of its limited and arbitrary alienage requirements is a violation of 42 U.S.C. § 1981.

23. There is an actual and substantial controversy between Plaintiff Rendon and Space Coast CU.

## CLASS ACTION ALLEGATIONS

24. Plaintiff incorporates by reference the allegations raised in all preceding paragraphs.

25. Plaintiff brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure.

26. Plaintiff seeks to represent the following class, composed of, and defined as follows:

> All persons who resided in the United States at the relevant time that they applied for or attempted to apply for a financial product from Space Coast CU but were denied full and equal consideration by Space Coast CU on the basis of their alienage.

27. Plaintiff may amend the above class definition as permitted or required by this Court. This action has been filed and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

### Rule 23(a)(1) – Numerosity

28. The potential members of the Class as defined are so numerous that joinder is impracticable.

29. On information and belief, Defendant's records will provide information as to the number and location of the Class Members, which will allow the class to be ascertained.

6

**Rule 23(a)(2) – Common Questions of Law and Fact**

30. There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiff or any other individual Class Members.

31. These common questions of law and fact include, without limitation:

   a. Whether it is Space Coast CU's policy to reject applicants for financial products because they are not U.S. citizens or permanent residents;

   b. Whether Space Coast CU violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff and the Class Members on the basis of alienage;

   c. Whether Plaintiff and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

   e. Whether Plaintiff and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

32. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all Class Members sustained injuries and damages arising out

of and caused by Defendant's common course of conduct and common policies in violation of federal law as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

33. Plaintiff will fairly and adequately represent and protect the interests of the Class Members.

34. Plaintiff has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

35. Class certification is appropriate because Space Coast CU has acted and/or refused to act on grounds generally applicable to the Class Members. Space Coast CU's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

36. Space Coast CU excludes Class Members outright from banking products and services on the basis of alienage. The Class Members are entitled to declaratory, equitable, and injunctive relief to end Space Coast CU's common, unfair, and discriminatory policies.

## **Rule 23(b)(3) – Superiority of Class Action**

37. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of alienage and denying full and equal access to Defendant's services.

38. No other litigation concerning this controversy has been commenced by Class Members.

39. Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that Class Members have any interest in individually controlling separate actions in this case. The Class Members have been damaged and are entitled to recovery of damages because of Space Coast CU's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiff and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable credit union membership and financial policies and practices in the relevant period.

40. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

## CLAIM FOR RELIEF

### Alienage Discrimination (42 U.S.C. § 1981)

41. Plaintiff Rendon incorporates by reference the allegations raised in all preceding paragraphs.

42. Plaintiff Rendon brings this claim on his own behalf and on behalf of the Class.

43. Plaintiff and Class Members are persons within the jurisdiction of the United States.

44. Plaintiff and Class Members are non-U.S. citizens.

45. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

46. Defendant conducts business in the United States and, as such, is obligated to comply with the provisions of 42 U.S.C. § 1981.

47. Defendant intentionally discriminated against Plaintiff and members of the Class on the basis of alienage by denying them the opportunity of full review of their request to acquire credit union products.

48. Defendant intentionally discriminated against Plaintiff and members of the Class by interfering with their right to make and enforce contracts for banking products on the basis of alienage.

49. Plaintiff and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here.  Plaintiff and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its membership and banking policies and practices to prevent further violations on the basis of alienage.

50. Plaintiff and Class Members are now suffering, and will continue to suffer irreparable injury from Space Coast CU's discriminatory acts and omissions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class he seeks to represent pray for relief as follows:

i. Certification of the case as a class action on behalf of the proposed Class Members;

ii. Designation of Plaintiff as class representative on behalf of the Class;

iii. Designation of Plaintiff's counsel of record as Class Counsel;

iv. That this Court issue a declaratory judgment that Defendant's policies and practices complained of are unlawful and violate 42 U.S.C. § 1981;

v. A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth;

vi. That this Court award compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;

vii. That this court award to Plaintiff and Class Members reasonable attorneys' fees and costs to the extent allowable by law; and

viii. For such other and further relief as the Court deems just and proper.

Dated: May 29, 2024

          Respectfully submitted,

          /s/ Francisco Symphorien-Saavedra

          Francisco Symphorien-Saavedra
          SYMPHORIEN-SAAVEDRA LAW P.A.
          189 S. Orange Avenue, Ste. 1800
          Orlando, FL 32801
          407-802-1717
          frank@symphorienlaw.com

Andrea Senteno (NY Bar No. 5285341)*^
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
1016 16th Street NW, Ste. 100
Washington, DC 20036
202-293-2828
asenteno@maldef.org

Thomas Saenz (CA Bar No. 159430)*
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL FUND
634 S. Spring St., 11th Fl.
Los Angeles, CA 90014
(213) 629-2512
tsaenz@maldef.org


*Motion for pro hac vice forthcoming*
*^Admitted in New York State only*

*Attorneys for Plaintiff*

13